```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SALVATORE PENNACCHIO, individually;
SALVATORE PENNACCHIO, on behalf of
OLD WORLD BREWING COMPANY, INC.,           MEMORANDUM
derivatively; and                          AND ORDER
SALVATORE PENNACCHIO, on behalf of
YANKEE BREWING COMPANY, LLC,               05 CV 985 (RRM)(RML)
derivatively,

                        Plaintiff,


        -against-


ROBERT S. POWERS, STEPHEN C. DEMARIA,
STEVEN A. SEGAL, STEPHEN PERILLO,
MULTIMEDIA DISTRIBUTING, LLC, and
Certain as Yet Unnamed Defendants A-J,

                        Defendants.
----------------------------------------------------------------X
```

LEVY, United States Magistrate Judge:

In my Report and Recommendation dated August 9, 2010, I recommended, inter alia, that the default judgment against defendant Stephen C. DeMaria ("defendant") be vacated and that plaintiff Salvatore Pennacchio ("plaintiff") be awarded the costs he incurred from October 2008 to August 2010 that were attributable to defendant's delay in defending this action. Familiarity with that Report and Recommendation is assumed. By order dated September 20, 2010, the Honorable Roslynn R. Mauskopf, United States District Judge, adopted that recommendation and referred the determination of costs to me. After receiving numerous extensions of time, plaintiff filed an accounting of his attorney's fees and expenses on April 8, 2011.

Plaintiff seeks a total of $27,865.07 in fees and disbursements. (See Reply

Affirmation of Eric Schneider, Esq., dated May 13, 2011 ("Pl.'s Reply"), ¶ 9.) In support of that request, plaintiff submits an accounting of his counsel's fees and costs for December 2008 to July 2010. (See Ex. 1 to Pl.'s Reply.) The document lists approximately sixty-five hours of attorney time, billed at $250 per hour, including fourteen hours of travel. (Id.) It also lists disbursements totaling $608.34, including $499.05 in travel-related expenses, such as mileage, tolls, and parking. (Id.)

In New York State Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983), the Second Circuit held that all applications for attorney's fees must be accompanied by contemporaneous time records indicating "the date, the hours expended, and the nature of the work done." This is a "hard-and-fast-rule 'from which attorneys may deviate only in the rarest of cases.'" Scott v. City of New York, Nos. 09 CV 3943, 09 CV 5232, 2011 WL 1990806, at *1 (2d Cir. 2011) (quoting Scott v. City of New York, 626 F.3d 130, 133 (2d Cir. 2010) (per curiam)).

Moreover, in calculating a "presumptively reasonable" fee award, the court must first establish a reasonable hourly rate, which is "what a reasonable, paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183-84 (2d Cir. 2008). Reasonable hourly rates are determined by reference to, inter alia, fees in the community in which the action is pending and to the skill and experience of the attorney who worked on the matter. See, e.g., Luciano v. Olsten Corp., 109 F.3d 111, 115-16 (2d Cir. 1997). See generally Arbor Hill, 522 F.3d at 184. The party seeking fees then bears the burden of establishing that the number of hours for which it seeks compensation is reasonable. See Cruz v. Local Union No. 3 of the IBEW, 34 F.3d 1148, 1160 (2d Cir. 1994) (citing Hensley

v. Eckerhart, 461 U.S. 424, 437 (1983)).

Here, plaintiff has filed, on reply, what appear to be contemporaneous attorney time records. (See Ex. 1 to Pl.'s Reply.) Defendant does not object to plaintiff's counsel's hourly rate of $250, and I find that rate reasonable and in line with rates awarded in this district to counsel with comparable experience. See, e.g., Szczepanek v. Dabek, No. 10 CV 2459, 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011) (surveying cases and stating that recent prevailing hourly rates in the Eastern District are between $200 and $400 for partners, $100 and $295 for associates, and $70 and $80 for legal assistants and interns). I also note that it is customary in this circuit to reduce attorney's fees by fifty percent for travel time. See Granite Music Corp. v. Center St. Smoke House, Inc., No. 09 CV 872A, 2011 WL 1898909, at *18 (W.D.N.Y. May 19, 2011); Lochren v. County of Suffolk, No. 01-CV-3925, 2010 WL 1207418, at *4 (E.D.N.Y. Mar. 23, 2010).

Most of plaintiff's counsel's time entries are vague and do not sufficiently describe the nature of the task performed so that the court may determine whether the time expended on the task was reasonable. Such entries merely state that plaintiff's counsel conducted a telephone call or reviewed correspondence, but they do not describe the subject matter of the communication. (See Ex. 1 to Pl.'s Reply.) Indeed, some of the entries state simply that counsel "worked on file." (Id.) Where billing records are vague or ambiguous, a reduction in fees is appropriate. See Larsen v. JBC Legal Group, P.C., 588 F. Supp. 2d 360, 365 (E.D.N.Y. 2008). To prevent the court from having to review and rule on each item for which reimbursement is requested, courts have permitted a percentage-based reduction as a means of trimming excess time from the fee request. See McDonald v. Pension Plan of the NYSA-ILA

Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.") (internal quotation marks and citation omitted)). Here, given the extreme vagueness of most of counsel's time entries, I find a sixty percent reduction warranted. Plaintiff is therefore entitled to compensation for 20.4 hours at a rate of $250 per hour, plus fourteen travel hours at a rate of $125 per hour, for a total of $6850.00

As for costs, a court will generally award "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763 (2d Cir. 1998). The fee applicant bears the burden of adequately documenting and itemizing the costs requested.[1] Apple Corps. Ltd. v. Int'l Collectors Soc'y, 25 F. Supp. 2d 480, 497 (D.N.J. 1998). In addition to mileage and parking fees related to attending court conferences, plaintiff's counsel seeks reimbursement for postage and telephone conferencing. These types of expenses are recoverable. See, e.g., Kuzma v. I.R.S., 821 F.2d 930, 933-34 (2d Cir. 1987) (stating that "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable" and "are often distinguished from non-recoverable routine office overhead, which must normally be absorbed within the attorney's hourly rate"); Aston v. Sec'y of Health and Human Servs., 808 F.2d 9, 12 (2d Cir. 1986) (holding that postage, photocopying, travel, and telephone costs are reimbursable). Plaintiff may therefore recover $608.34 in costs, bringing the total award to $7458.34.

---

[1] Plaintiff states that he is also seeking $10,000 in reimbursement for expert fees incurred during this time period. (See Affirmation of Eric Schneider, Esq., dated Apr. 7, 2011, ¶7.) Those costs are not properly documented and, in any event, he has not demonstrated that they are directly attributable to defendant's delay in defending this action. I therefore decline to include expert fees in this sanctions award.

## CONCLUSION

For the reasons stated above, plaintiff is hereby awarded sanctions totaling $7458.34.

SO ORDERED.

_____/s/_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
        July 20, 2011